**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Previous Chapter 7 |
| I.S.B. FINANCIAL CORP., an Illinois | ) | |
| Corporation, | ) | Case No. 09-37225 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Date: November 17, 2015 |
| | ) | Time: 10:00 A.M. |

**NOTICE OF MOTION**

**TO: ATTACHED SERVICE LIST:**

PLEASE TAKE NOTICE that on **November 17, 2015** at **10:00 a.m.**, we shall appear before the Honorable Pamela S. Hollis or any other judge sitting in her stead in Room 644 of the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Trustee's Motion for Entry of Final Decree,** at which time and place you may appear if you see fit.

Dated: November 5, 2015

**N. NEVILLE REID, not individually, but solely in his capacity as the Liquidating Trustee of the I.S.B. Financial Corp. Liquidating Trust**

By: ___/s/ Ryan T. Schultz___
Fox, Swibel, Levin & Carroll, LLP,
Counsel to the Liquidating Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201

## CERTIFICATE OF SERVICE

I, Ryan T. Schultz, certify that on November 5, 2015, I caused a copy of the foregoing **Trustee's Motion for Entry of Final Decree,** to be filed electronically on the Court's ECF filing system and to be served upon the parties listed on the attached Service List by the Court's ECF filing system, by email or by facsimile or by postage-prepaid first-class U.S. Mail, as indicated.

By:  /s/ Ryan T. Schultz
Ryan Schultz

## SERVICE LIST

**Parties to receive notice electronically via CM/ECF:**

R Scott Alsterda on behalf of Creditor Federal Deposit Insurance Corporation, as receiver for InBank, Oak Forest, Illinois
rsalsterda@nixonpeabody.com

Philip Chiaviello on behalf of Respondent FDIC as Receiver for InBank
pchiaviello@fdic.gov

Joseph E Daudish on behalf of Creditor Ashack & Daudish PC
attorneys@ashackdaudish.com, attorneys@ashackdaudish.com

Joshua M Grenard on behalf of Petitioning Creditor Bank of America, N.A.
jgrenard@mayerbrown.com, courtnotification@mayerbrown.com

David L Kane on behalf of Creditor Daniel O. Walsh and James T. Ashack
dkane@mpslaw.com, dnichols@mpslaw.com, mpslawllc@gmail.com, jlitwin@mpslaw.com

Thomas S Kiriakos on behalf of Petitioning Creditor Bank of America, N.A.
tkiriakos@mayerbrown.com, Courtnotification@mayerbrown.com

Forrest B Lammiman on behalf of Creditors Andrew Tinberg, Daniel O. Walsh
James T. Ashack, Robert R. Romero and Thomas W DeRobertis
flammiman@mpslaw.com, dkane@mpslaw.com, srogovin@mpslaw.com,
dnichols@mpslaw.com, mpslawllc@gmail.com, jlitwin@mpslaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Brad J Pawlowski on behalf of Creditor Elbert Elmore, Defendant The Elbert F. Elmore Revocable Trust Dated December 24, 1997, and Defendant Elbert Elmore
brad@go2court.com

Craig E. Reimer on behalf of Petitioning Creditor Bank of America, N.A.
creimer@mayerbrown.com, courtnotification@mayerbrown.com

Patrick F Ross on behalf of Creditor Federal Deposit Insurance Corporation, as receiver for InBank, Oak Forest, Illinois
pfross@uhlaw.com, kburde@uhlaw.com, rjanczak@uhlaw.com, sbmiller@uhlaw.com, jtruskusky@uhlaw.com

Christopher T Sheean on behalf of Creditor Dunhill Asset Services III, LLC, as successor in interest to Bank of America, N.A.
csheean@smbtrials.com, csheean@smbtrials.com

**Parties to receive notice electronically via facsimile:**

Steven Fritzhall
6584 N. Northwest Hwy
Chicago, IL  60631
steve@go2court.com
Facsimile: 773 763 2805

**Parties to receive notice via First Class U.S. Mail, postage prepaid:**

Andrew E. Tinsberg
16217 Lavergne Avenue
Oak Forest, IL 60452

Ashack & Daudish, P.C.
P.O. Box 526
Oak Forest, IL 60452

Bank of America
Attn: Colin J. McClary, VP
135 South LaSalle Street
IL4-135-02-40
Chicago, IL 60603

Illinois Department of Revenue
(ADMINISTRATIVE)
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

James T. Ashack
15507 South Cicero
2nd Floor
Oak Forest, IL 60602

Crowe Horwath LLP
One Mid America Plaza
Suite 700
Oak Brook, IL 60522

Daniel O. Walsh
c/o Grochocinski, Grochocinski
& Lloyd
1900 Ravinia Place
Orland Park, IL 60462

DLA Piper LLP (US)
Attn.: Richard M. Kremen
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600

Elbert F Elmore
7425 Pelican Bay Boulevard
Naples, FL 34108

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Gina Krol
Cohen & Krol
105 West Madison Street
Suite 1100
Chicago, IL  60602
Counsel to Creditor Daudish (deceased)

Robert O. Romero
c/o Grochocinski, Grochocinski & Lloyd
1900 Ravinia Place
Orland Park, IL 60462

Steven Fritzhall
6584 N. Northwest Hwy
Chicago, IL 60631

Thomas W. DeRobertis
c/o Grochocinski, Grochocinski & Lloyd
1900 Ravinia Place
Orland Park, IL 60462

Wilmington Trust Company
Attn David A Vanaskey
Rodney Square North
1110 North Market Street
Wilmington DE 19890

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Previous Chapter 7 |
| I.S.B. FINANCIAL CORP., an Illinois | ) | |
| Corporation, | ) | Case No. 09-37225 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | **Date: November 17, 2015** |
| | ) | **Time: 10:00 A.M.** |

### MOTION OF THE TRUSTEE FOR ENTRY OF FINAL DECREE

N. Neville Reid, not individually, but solely in his capacity as the liquidating trustee (the "Liquidating Trustee" or the "Trustee") of the I.S.B. Financial Corp. Liquidating Trust (the "Liquidating Trust" or the "Trust"), by and through his undersigned counsel, moves this Court (the "Motion") pursuant to that certain Plan of Liquidation of I.S.B. Financial Corp. Proposed by Bank of America, N.A., as confirmed by this Court on May 5, 2011 (the "Plan" and such order confirming the same the "Confirmation Order"), for entry of a final decree (a) terminating the Liquidating Trust and (b) closing this case. In support of this Motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the jurisdiction retention provisions of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) and this Court may enter a final order with respect thereto because the property interest being liquidated is in the *Custodia Legis* of this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTUAL BACKGROUND

### The Liquidating Trust

2. Prior to the October 6, 2009 bankruptcy filing against the Debtor, the Debtor was a bank holding company whose sole asset was the stock of Interstate Bank of Oak Forest ("InBank" or the "Bank"). InBank was seized by the FDIC and its assets transferred to another bank in September 2009.

3. In addition to approving the Plan, the Confirmation Order entered by the Court in May 2011 approved a Liquidating Trust Agreement dated May 3, 2011 (the "Trust Agreement") that in turn (i) appointed N. Neville Reid as the Liquidating Trustee and (ii) created the Liquidating Trust. *See* Dkt. 166, Ex. B. The property of the Trust ("Trust Property") includes all causes of action of the Debtor's former bankruptcy estate against third parties, including fraudulent conveyance actions, and the Debtor's approximately 0.11% interest in Everest Real Estate Fund LLC (the "Everest Fund"). The Plan and the Trust each authorize the Trustee to litigate and settle any and all such claims and to sell, convey or assign Trust Property.

4. Since his appointment, pursuant to the Trust Agreement, the Liquidating Trustee has liquidated all Trust Property and has distributed the net proceeds thereof to the beneficiaries of the Liquidating Trust[1]. Overall, the Trust received $4,133,469.03 in gross cash proceeds (the "Gross Receipts"), consisting principally of $3,963,118.40 in cash form the ISB chapter 11 estate, $147,300 in settlement proceeds from claims the Trustee pursued against the Debtor's insiders[2], and $22,920 from distributions on the Debtor's interest in the Everest Fund.[3] Of the

---

[1] As of the date hereof, there is a deminimis amount of cash in the Trust ($3, 271.68), which the Trustee expects to be used for paying the remaining administrative costs of the Trust including the preparation and presentation of this Motion.

[2] Based on his investigation, the Trustee (i) determined that most of the insiders were actually or nearly insolvent, or had filed for bankruptcy relief under chapter 7 and therefore discharged any liability for claims, apparently in part due to the failure of the Bank, and (ii) concluded that there were notable risks in the claims against such insiders, including as to proof of whether and when the Debtor became insolvent in relation to the dates

1396861v2          2

$4,133,469.03 in gross amounts received by the Trust, the Trustee distributed $3,492,560.02, or 84%, to creditors of the Debtor pursuant to the terms of the Plan and the Trust Agreement. The remaining proceeds balance of the Gross Receipts ($640,909) were used to pay professional fees from the Debtor's chapter 11 case, administrative expenses of the Trust (including professional fees for attorneys and experts in connection with discovery and litigation of Trust claims, and the fees and expenses of Joseph Baldi as co-trustee (pursuant to the Plan) for the limited purpose of investigating any potential claims against Bank of America)[4] and the Trustee's compensation (based on the percentage formula in the Plan and the Trust Agreement), all as set forth in the detailed record of the cash receipts and distributions for the Trust attached hereto as <u>Exhibit A</u>.

### BASIS FOR RELIEF

5.　Pursuant to Article VI of the Plan, "the Liquidating Trust shall continue until such time as the termination of the Liquidating Trust is approved by the Bankruptcy Court after distribution or such other disposition of all of the Liquidation Assets pursuant to the Plan." As set forth above, the all of the Trust Property has been distributed pursuant to the Plan. Therefore, the Court should terminate the Liquidating Trust and close this case.

### NOTICE

The Trustee has provided notice of this Motion to (a) the Office of the United States Trustee; (b) all persons who filed a proof of claim in this case; (c) all parties set up to receive

---

the insiders received their respective dividend distributions from the Debtor (see Trustee's motion for approval of Elmore settlement, Dkt. 230). The Trustee recovered the following amounts in settlement from the indicated insiders: Elbert F. Elmore (and affiliated spouse and trusts) ($125,000; the "<u>Elmore Settlement</u>"), Norman and Sheila Reiher (individuals and the Reiher trust) ($10,000), Chad Trueblood ($2800), Dan Walsh ($1000), Robert Romero ($1000) and James Ashack ($7500). The following directors/transferees filed bankruptcy petitions and received discharges therein: Andrew Tinberg, Cynthia Grazian and Thomas DeRobertis, Jr. The Trustee received no distributions from these bankruptcy estates.

[3]　The Trustee transferred the Everest Fund shares to Mr. Elmore as part of the court-approved Elmore Settlement. In addition, the Debtor's bankruptcy petition (Schedule B) listed preferred shares in Wilmington Trust Company of "unknown" value, but any rights to payment in connection with any such shares were released and not transferred to the Trust as part of the "Wilmington Trust Release" under the Plan.

[4]　After conducting his investigation, Mr. Baldi did not identify any such claims.

1396861v2

3

notice through the Court's ECF Filing System; and (d) all other persons who have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Liquidating Trustee requests that this Court enter an order substantially in the form of the attached Proposed Order, (i) terminating the Liquidating Trust and (ii) closing this case.

Dated: November 5, 2015

Respectfully submitted,

N. NEVILLE REID, not individually, but solely in his capacity as the Liquidating Trustee of the I.S.B. Financial Corp. Liquidating Trust

By:   */s/ Ryan T. Schultz*
    Fox, Swibel, Levin & Carroll, LLP,
    Counsel to the Liquidating Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201